UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ALVIN RICHARDS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0708 AS |
| | ) | |
| **CECIL K. DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about November 16, 2004, *pro se* petitioner, Alvin Richards, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 15, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on April 28, 2005, which this Court has carefully examined and is in good legal form. The Attorney General has placed before this Court a series of documents designated A through J, both inclusive, which explicate in great detail the proceedings involved. There is also another set of exhibits designated as 1 through 5-3, which have also been examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. He was the subject of a prison disciplinary proceeding designated as ISP 04-06-0318 in or around July 2004 at the ISP. The CAB found that this petitioner was giving or

accepting from any person anything of value without proper authorization. The sanctions recommended were a credit class demotion from class I to class II and an earned credit time deprivation of 180 days. Such implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

   The talk about not being able to see the money orders that were in evidence is much ado about nothing. For whatever it may be worth, the CAB saw them as part of a record. This court is well aware of *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). The calling of outside witnesses, however, is not a part of the constitutional rights guaranteed under *Wolff* or indeed under the Fourteenth Amendment of the Constitution of the United States in these particular proceedings. The CAB in question had no authority to compel private individuals from another state to provide witness statements. This court does not bottom any decision here with regard to harmless error. Physical evidence need not be presented at the aforesaid hearing under *Wolff*. *See Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997), *citing Griffin v. Spratt*, 969 F.2d 16 (3rd Cir. 1992). The written findings of the CAB were sufficient, and generally simple violations of the Adult Disciplinary Procedures (ADP) fall under the rubric of state law as defined in *Estelle v. McGuire*, 502 U.S. 62 (1991). In this case, as indicated in the report of disciplinary hearing, the CAB relied

on the staff reports, the confidential case file, 04-ISP-011-IA, and indeed the offender's own statement. Such was certainly enough under *Wolff*. The petitioner filed a 25-page traverse which is in excellent legal form, and reargues the case vigorously. Such is certainly entitled to respectful attention here, but alas, this is not a common law appeal but a collateral review of a prison disciplinary proceeding following the constitutional mandates of *Wolff*. The attempt to reargue the merits does not succeed here under the standards created by the Congress in 28 U.S.C. §2254, and such, after careful consideration, is **DENIED**. **IT IS SO ORDERED**.

      **DATED:**  May 3, 2005

                                             **s/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**